UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60351-CIV-ALTMAN/Hunt

**TRI-COUNTY MOBILE WASH, INC.**,

    *Plaintiff*,

v.

**B&C WASH CORP** *et al.*,

    *Defendants*.

_____/

## ORDER

    The Plaintiff filed a Motion to Enforce Judgment [ECF No. 26] and a Motion to Reopen [ECF No. 33]. The Court referred those Motions to United States Magistrate Judge Patrick M. Hunt. Magistrate Judge Hunt issued a Report and Recommendation [ECF No. 49] (the "R&R"), in which he determined that the Motion to Enforce Judgment should be granted in part and that the Motion to Reopen should be denied without prejudice. In short, Magistrate Judge Hunt recommended that we reopen limited discovery on the Defendants' compliance with the consent judgment before proceeding further. R&R at 8–9. Both sides have since filed a Notice of Non-Objection [ECF Nos. 52, 53], indicating that they have no objection to Magistrate Judge Hunt's order.

    When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress

intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 49] is **ACCEPTED and ADOPTED** in full.

2. The Motion to Enforce Judgment [ECF No. 26] is **GRANTED in part and DENIED in part** as follows:

    a. By **April 29, 2022**, the Defendants shall produce the documents listed in the consent injunction.

    b. By **April 29, 2022**, the parties shall complete discovery on the following **limited** issues: (i) whether Jasmine Reyes acted as a co-conspirator in violating the consent injunction; (ii) whether the Defendants turned over the customer information to Ms. Reyes in violation of either the temporary restraining order or the consent injunction; and (iii) whether the Defendants engaged in bad faith during settlement negotiations by knowing, but not disclosing, that the proprietary information the Plaintiff sought to protect had already been distributed to Ms. Reyes.

    c. By **May 13, 2022**, the Plaintiff shall file a Renewed Motion to Enforce Judgment *if discovery warrants the motion*. **The motion shall set out the basis for relief in detail**.

3. The Motion to Reopen [ECF No. 33] is **DENIED without prejudice**.

4. The case shall remain administratively **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 7th day of February 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record